IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| EDWARD J. CAVIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-1756-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| OFFICE OF THE MULTNOMAH | ) | |
| DISTRICT ATTORNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

KING, Judge:

Plaintiff in this action moves to proceed *in forma pauperis* (# 1). A review of the application indicates that plaintiff is unable to afford the fees of this action. Plaintiff's motion to proceed *in forma pauperis* is granted. This action may go forward without the payment of fees or costs. For the reasons stated below, however, plaintiff's Complaint has serious deficiencies which cause me to dismiss the action.

Page 1 - OPINION AND ORDER

Plaintiff's Complaint is a long, rambling, invective-filled, repetitive account of his ongoing battle with the Multnomah County District Attorney's office.  He complains of the prosecution against him, and subsequent acquittal, for the assault of the mother of his child; interference with the custody of his child; criminal prosecution for child support arrearages; his inability to have his request for a modification of his child support addressed; and his complaint to the Oregon State Bar.

Under Federal Rule of Civil Procedure 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  It is impossible to determine from plaintiff's Complaint the basis for federal court jurisdiction or the nature of the legal theories on which he intends to rely.

Moreover, plaintiff filed a Complaint that is nearly identical, Cavin v. Office of the Multnomah County District Attorney, Civ. No. 06-945-AA, on July 7, 2006.  The Honorable Ann L. Aiken dismissed the action on October 26, 2006 for plaintiff's failure to allege understandable causes of action that support federal court jurisdiction.  Judge Aiken also found that further opportunities to cure the deficiencies were futile.

Additionally, the prosecutors enjoy absolute immunity for much, if not all, of the conduct which plaintiff discusses.  See Botello v. Gammick, 413 F.3d 971, 976 (9th Cir. 2005) (prosecutors have absolute immunity for the decision to prosecute a particular case), cert. denied, __ U.S. __, 126 S. Ct. 1419 (2006).

Accordingly, I dismiss this action without giving plaintiff leave to replead, based on the analysis of Judge Aiken, which I adopt.

I also caution plaintiff that if he continues to file frivolous, harassing claims, the court will consider making him subject to a restrictive pre-filing order to monitor his filing of any additional actions.

Plaintiff's Application to Proceed in Forma Pauperis (#1) is granted. Plaintiff's Motion for Attorney Appointment (#3) is denied because it is not apparent that exceptional circumstances exist, as required under 28 U.S.C. § 1915(d) for the court to request volunteer counsel. This action is dismissed.

IT IS SO ORDERED.

Dated this   14th   day of December, 2006.

      /s/ Garr M. King
      Garr M. King
      United States District Judge